

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

January 29, 1958

This Opinion
Affirms Opinion
# *O-5917*

Hon. Robert S. Calvert              Opinion No. WW-350
Comptroller of Public Accounts
Capitol Station                     Re:  Whether value of property
Austin, Texas                            previously subjected to
                                         death taxes in another
                                         State on death of prior
                                         decedent may be deducted
                                         in computing inheritance
Dear Mr. Calvert:                        taxes

        Your letter requesting our opinion on the above
captioned question reads, in part, as follows:

        "Robert Glenn Rapp died testate on October
    10, 1948, a resident of Oklahoma owning 22059
    shares of Denver Producing and Refining Company
    stock valued at approximately $2,766,968.00.
    Under the last will and testament of Robert
    Glenn Rapp, the testator devised this stock
    to his surviving wife, Florence Bunn Rapp, who
    later remarried a man by the name of Anson L.
    Clark.  Mrs. Florence Bunn Clark is now de-
    ceased, having died on August 1, 1952.

        "Between the date of death of Robert Glenn
    Rapp and Mrs. Florence Bunn Clark, the Denver
    Producing and Refining Company was liquidated
    and the assets of the company were distributed
    to the stockholders of said company.  Among the
    assets of the company distributed to Mrs. Clark
    were various mineral interests and surface
    rights in Texas valued at $3,140,782.00

        "An inheritance tax report was made to the
    Oklahoma Tax Commission for the estate of Robert
    Glenn Rapp and the 22059 shares of Denver Producing
    and Refining Company stock were included as a
    part of the decedent's estate and a tax paid
    thereon.

        "Anson L. Clark, the executor of the estate
    of Florence Bunn Clark, has filed with this de-
    partment a Texas Inheritance Tax Report which

includes the assets distributed to Mrs. Clark
in the liquidation of the Denver Producing and
Refining Company, also claiming as a deduction
for property previously taxed a sum of approxi-
mately $2,743,176.00 as being taxed within five
years by the State of Oklahoma.

"Please advise whether or not this claim
of $2,743,176.00 as property previously taxed
within five years is an allowable deduction."

Article 7125, Vernon's Civil Statutes, provides, in
part, as follows:

"The only deductions permissible under this
Law are the debts due by the estate, . . . all
Federal, State, County and Municipal taxes due
at the time of the death of the decedent, . . .
and an amount equal to the value of any property
forming a part of the gross estate situated in
the United States received from any person who
dies within five (5) years prior to the death of
the decedent, this reduction, however, would be
only in the amount of the value of the property
upon which an inheritance tax was actually paid
and shall not include any legal exemptions claim-
ed by and allowed the heirs or legatees of the
estate of the prior decedent. . . ."

Prior to the 1939 amendment of Article 7125, the
pertinent provisions of the statute read as follows:

"The only deductions permissible under this
law are the debts due by the estate, . . . all
Federal, State and County and Municipal Taxes
due at the time of the death of decedent and an
amount equal to the value of any property forming
a part of the gross estate situated in the United
States of any person who died within five years
prior to the death of the decedent; this deduction,
however, shall only be allowed where an inheritance
tax imposed under this or any prior act of the
Legislature was paid by the estate of the prior
decedent and only in the amount of the value
placed by the Comptroller on such property in
determining the value of the gross estate of such
prior decedent. . . ."

Attorney General's Opinion O-5997, in passing upon the identical question here involved, after quoting the 1929 and 1939 amendments of Article 7125 stated:

"The conclusion is inescapable, from this amendment deliberately omitting the clause, 'Where an inheritance tax imposed under this or any prior act of the Legislature was paid', that the Legislature intended thereby to exempt an estate of a prior decedent received within five years, and upon which an inheritance tax was paid, even where the tax was paid to some other state."

Opinion O-5997 was later affirmed by Opinion R-1425 and for the reasons stated in Opinion O-5997 we re-affirm same.

## S U M M A R Y

The deduction allowed under Article 7125, V.C.S., for property comprising a part of a decedent's estate which was received from a prior decedent less than five years before decedent's death and upon which inheritance taxes were actually paid may be claimed even though the tax was paid to some other State.

Yours very truly,

WVG:gs

WILL WILSON
Attorney General of Texas

APPROVED:

OPINION COMMITTEE
Geo. P. Blackburn, Chairman

By W. V. Geppert

J. C. Davis

W. V. Geppert
Assistant

Milton Richardson

John Reeves

Leonard Passmore

REVIEWED FOR THE ATTORNEY GENERAL

BY

James N. Ludlum